COHEN & MANN ET AL. v. UNITED STATES

**No. 4991.**—Invoices dated Lodz, Poland, August 31, 1938, etc.
Certified September 1, 1938, etc.
Entered at New York September 19, 1938, etc.
Entry No. 6338, etc.

(Decided August 20, 1940)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiffs.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

BROWN, Judge: The appeals listed in schedule A hereto attached and made a part hereof have been submitted for decision on the following stipulation of counsel for the parties hereto.

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto

That the issue and merchandise involved in the reappraisement appeals set forth in Schedule "A", which schedule is made a part of this stipulation, are the same in all material respects as the merchandise and issue involved in United States v. Cohen & Mann, Reappraisement Decision 4865, decided April 10, 1940.

That the market value or price at the time of exportation of the merchandise involved herein, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Poland, for exportation to the United States, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States is the appraised value thereof, less the amount added under duress.

That such or similar merchandise was not sold in Poland except for export to the United States.

That the record in United States v. Cohen & Mann, Reap. Dec. 4865, be incorporated in the appeals to reappraisement set forth in Schedule "A" and that said appeals be submitted upon this stipulation.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the amount added under duress. Judgment will be rendered accordingly.